UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In the Matter of the Complaint

              of

Randy Narod, as owner of the MAIN EVENT,      **ORDER**
2001 Viking Yacht 60 Motor Yacht Pleasure       13 CV 554 (DRH) (ETB)
Vessel, for Exoneration from or Limitation
of Liability

             Petitioner.
-----------------------------------------------------------X

**HURLEY, Senior District Judge:**

      Randy Narod, as owner of the vessel called the Main Event ("petitioner"), commenced this action pursuant to 46 U.S.C. § 30501, *et seq.* and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule F") for exoneration from or limitation of civil and maritime liability arising out of a fire of the petitioner's vessel on July 27, 2012.  On February 13, 2013, this Court entered an Order directing, *inter alia*, that the Clerk of Court issue a Notice to all persons asserting claims with respect to which the petitioner seeks exoneration or limitation of liability to file their respective claims on or before March 29, 2013, and for petitioner to publish the Notice as provided by Supplemental Rule F.  As of March 29, 2013, only L&L Marine, Inc. d/b/a Sea Tow Freeport ("claimant" or "SeaTow") filed a claim against petitioner.

      After the Clerk of Court noted the default of all those who failed to file claims by the March 29, 2013 deadline pursuant to Federal Rule of Civil Procedure ("Rule") 55(a) and Supplemental Rule F, petitioner filed an amended motion for default judgment under Rule 55(b) and Supplemental Rule F seeking a declaration that the time for filing a claim and/or answer in

this action be closed and that judgment be entered against any and all persons or entities who failed to file a claim and/or answer by March 29, 2013. On April 25, 2013, this motion was referred to United States Magistrate Judge E. Thomas Boyle to issue a Report and Recommendation as to whether petitioner's motion should be granted. Subsequent to the referral, petitioner and claimant filed a Stipulation dated May 28, 2013, whereby the parties agreed that (1) SeaTow's claim involved a post-casualty contract dispute which was not part of petitioner's action; and (2) petitioner's motion for default judgment should be granted. On June 5, 2013, Judge Boyle issued a Report and Recommendation which recommended that petitioner's amended motion for default judgment be granted and that the parties' Stipulation be so ordered. More than fourteen days have elapsed since service of the Report and Recommendation and no party has filed an objection.

  Pursuant to 28 U.S.C. § 636(b) and Rule 72, this Court has reviewed the June 5, 2013 Report and Recommendation for clear error, and finding none, now concurs in both its reasoning and its result. Therefore, the Court adopts the Report and Recommendation of Judge Boyle as if set forth herein. Accordingly, the May 28, 2013 Stipulation is hereby "So Ordered," and the Court directs that the Clerk of Court enter default judgment in favor of petitioner and against any and all persons or entities who failed to file a claim and/or answer by the March 29, 2013 deadline.

                **SO ORDERED.**

Dated: Central Islip, New York
    July 10, 2013

                  /s/
                Denis R. Hurley
                Unites States District Judge